UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| TERRANCE JON IRBY,<br><br>        Plaintiff,<br><br>  vs.<br><br>CAROLYN MUNDEN, KAREN SOUTHWELL, STEVE SINCLAIR, ELDON VAIL, and DAN LEWIS<br><br>        Defendants. | NO.  CV-08-5078-EFS<br><br>**ORDER DISMISSING FIRST AMENDED COMPLAINT**<br><br>**1915(g)** |

    BEFORE THE COURT are Plaintiff's First Amended Complaint (Ct. Rec. 19), a Memorandum of Law (Ct. Rec. 20), and Motion for Extension of Time to File and Motion to Except [sic] Documents for Filing (Ct. Rec. 21). Plaintiff, a prisoner at the Washington State Penitentiary, is proceeding *pro se* and *in forma pauperis*; Defendants have not been served.

    After review of the First Amended Complaint, the Court finds it fails to state a claim upon which relief may be granted. Plaintiff states he received a settlement check in the amount of $700.00 for a state tort action. He complains Defendant Carolyn Munden "garnished" over $400.00 of the settlement amount and the remaining Defendants failed to act to restore these funds. Plaintiff states he believed the settlement funds were "exempt." He provides no basis for this belief,

ORDER DISMISSING FIRST AMENDED COMPLAINT -- 1

however, and his citation to Department of Corrections Policy number 200.000 does not support such a belief.

The Federal District Courts of Washington recognize only the proceeds from civil rights action filed pursuant to 42 U.S.C. § 1983 as exempt from deductions made pursuant to RCW 72.09.480. *Wright v. Riveland*, 95-CV-05381-FDB (Ct. Rec. 148); 06-CV-1100-JLR-JPD (Report and Recommendation, Ct. Rec. 40 at 3, adopted by Order filed September 21, 2007, Ct. Rec. 41). Plaintiff does not aver he received a settlement pursuant to 42 U.S.C. § 1983 civil rights action. Even liberally construing Plaintiff's claims, he is not entitled to relief in this court.

Accordingly, for the reasons set forth above and in the Order to Amend or Voluntarily Dismiss (Ct. Rec. 16) **IT IS ORDERED** the First Amended Complaint is **DISMISSED with prejudice** for failure to state a claim upon which relief may be granted under U.S.C. §§ 1915(e)(2) and 1915A(b)(1). **IT IS FURTHER ORDERED** all pending motions are denied as **MOOT**.

Pursuant to 28 U.S.C. § 1915(g), enacted April 26, 1996, a prisoner who brings three or more civil actions or appeals which are dismissed as frivolous or for failure to state a claim will be precluded from bringing any other civil action or appeal *in forma pauperis* "unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). **<u>Plaintiff is advised to read the statutory provisions under 28 U.S.C. § 1915</u>**. **<u>This dismissal of Plaintiff's complaint may count as one of the three dismissals allowed by 28 U.S.C. § 1915(g) and may adversely affect his ability to file future claims</u>**.

ORDER DISMISSING FIRST AMENDED COMPLAINT -- 2

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order, forward a copy to Plaintiff at his last known address, enter judgment, and close the file. The District Court Executive is further directed to forward a copy of this Order to the Office of the Attorney General of Washington, Criminal Justice Division.

**DATED** this 25th ay of March, 2009.

                              s/Edward F. Shea

                              EDWARD F. SHEA
                              United States District Judge

Q:\Civil\2008\8cv5078efs-3-24-dis.wpd

ORDER DISMISSING FIRST AMENDED COMPLAINT -- 3